RASMUSSEN, Appellant, vs. JENSEN, Administrator, and another, Respondents.

*March 9—April 7, 1942.*

The cause was submitted for the appellant on the brief of *Lillian M. Rasmussen* of Kenosha, and for the respondents on the brief of *Cavanagh, Stephenson & Mittelstaed* of Kenosha.

Fritz, J. For the purpose of passing upon the contentions material on this appeal, it suffices to note the following. The complaint alleges,—and defendants by their demurrer admit, except in so far as the matters alleged are conclusions of law,—the following. Plaintiff is the owner, as assignee, of a judgment which was docketed on December 2, 1932, in the circuit court of Kenosha county against Matt A. Rasmussen, deceased, and Robert M. Rasmussen, and which is based upon a note signed by the deceased and Robert M. Rasmussen, who claims his liability is but that of an indorser. Upon Matt A. Rasmussen's death in December, 1932, and the admission of his will to probate in the county court of Kenosha county, the defendant, Chris A. Jensen, was duly appointed administrator

with the will annexed of the deceased's estate on January 4, 1933. Upon his filing an administrator's bond with United States Fidelity & Guaranty Company of Baltimore, as surety, letters of administration were issued to Jensen and, as administrator, he took possession of the real and personal assets of the deceased. A claim based on the judgment was filed against the estate by the judgment creditor. It was allowed by the county court on June 6, 1933, and assigned with the judgment to plaintiff on August 10, 1934. Among the inventoried assets of the estate there was a warehouse property listed as parcel 9 and appraised at $3,000. It was free and clear of any mortgage incumbrance, and the docketed judgment assigned to plaintiff was the sole lien upon that parcel. She demanded that the administrator use that parcel to pay the judgment, or pay it out of the personal assets of the estate. He stated there was no money available to pay the judgment, and when plaintiff demanded that he dispose of the parcel, he informed her that owing to the depression it would be a great injustice to the widow, who wanted to preserve the estate, and to the other creditors, to sell any of the estate's real estate at the time. Plaintiff then applied to the circuit court for Kenosha county, under sec. 272.14, Stats., for the issuance of an execution against the property of the deceased judgment debtor on which the judgment was a lien. The administrator appeared on September 14, 1934, and opposed sale and represented to the court, among other matters, that "owing to the economic depression all the real estate in this estate had been appraised for much less than its true value and that any liquidation of real estate at the time would work a grave injustice to the widow of deceased who had paid the large sum of $20,000 in reduction of the mortgage indebtedness during administration," and that if plaintiff levied on parcel 9 she would derive little if anything in satisfaction of her judgment on an execution sale because of the defective title to the parcel, and that the interest of all the creditors and the estate would be best promoted by

the orderly perfection of that title and a sale at a price near the true value when times returned to normalcy. Upon plaintiff's offering to bid about $3,400 for the parcel upon a sale, the court allowed execution to issue on condition that she bid the full amount of the judgment. Because a controversy arose between her and the administrator as to granting immediate possession after the sale, she refused to bid and only $2,500 was offered at the execution sale on February 18, 1935, and on an application made by the administrator for an order restraining the sale, it was set aside on the ground that $2,500 was inadequate. Upon a further application by plaintiff to have the parcel sold on an execution, the circuit court ordered a second sale on condition that the full amount due on the judgment be realized, but this order was reversed by the supreme court at the August, 1936, term on the ground that the circuit court erred in attaching such condition to the order. For the purpose of restraining and delaying the sale and liquidation of real property of the estate during the depression, the administrator and the deceased's widow had been granted a moratorium in the circuit court for a period of years, and in November, 1937, they applied for an extension thereof on representations that the income of the real property was enough to warrant such extension, and that it would be for the best interest of all creditors to prevent sale of the real estate until the value thereof was restored to normal. The circuit court denied the application and all the mortgaged real property was sold on a foreclosure sale in 1938. Pursuant to a petition filed by the administrator on August 18, 1938, the county court further extended the time to settle the estate on the ground that plaintiff, as the judgment creditor, had failed to have parcel 9 sold on execution, and the county court directed the administrator to sell parcel 9 to pay the judgment. On December 30, 1938, it was sold at public administrator's sale for $1,025, but on a hearing pursuant to his application the county court set the sale aside on his representation that if it was allowed to stand there would be a loss to all con-

cerned. At the hearing the administrator testified that the warehouse on parcel 9 was in need of repair and that a "right-of-way" to the property had been lost in the foreclosure actions. Thereupon Robert M. Rasmussen filed an application in the county court that the administrator be removed on account of mismanagement and waste of the property of the estate, and the latter was cited to show cause why he should not be removed and to file an account. On a hearing of said matter, the administrator objected to the filing of an account, and the court suggested that the parties come to some understanding in the matter of satisfying the judgment. No agreement having been reached by the parties and the administrator having applied on July 18, 1939, for a further extension of time to settle the estate, the county court, upon being advised that parcel 9 had not been sold, suggested that the judgment creditor proceed to have the parcel sold on an execution sale, and it was so sold on December 11, 1939, for $805. That amount was paid to plaintiff and credited upon the judgment, leaving $3,558.76 due and owing thereon. It is further alleged in the complaint that the price realized on this final execution sale for parcel 9 was about one fourth of the amount which could have been realized if the administrator had been diligent in his trust and performed his duty by selling the property at an administrator's sale when plaintiff offered to take it for the full amount of the judgment; that the estate has become insolvent during the administration, due to the fact that most of the real estate and personal property has been liquidated and disposed of for much less than the appraisal value, and that by reason of the estate becoming insolvent, plaintiff's judgment will remain unsatisfied except as it is paid from funds available for general creditors or is paid by Robert M. Rasmussen; and that pursuant to an application made under sec. 321.02, Stats., the county court entered an order under sec. 321.04, Stats., granting permission to plaintiff to bring an action against the defendants, respectively, as principal and as surety upon the administrator's bond.

Plaintiff's principal contention on this appeal is that the administrator had no right and was not justified in delaying the sale of parcel 9 any more than the decedent would have had such right or been justified in his lifetime in gambling on future increases in the value of the parcel and in delaying the sale thereof for the payment of the judgment debt under the protection of the circuit court. There are no allegations in the complaint of any negligent, unlawful or otherwise actionable misconduct, omission or failure to act on the part of the administrator that could be held to have wrongfully caused the delay in the sale of parcel 9 on an execution to satisfy the judgment. The delays mentioned in the complaint appear only to have occurred after due and proper proceedings and hearings in the county and circuit courts participated in by the plaintiff and administrator, in the course of which both were entitled to be heard; and it was the administrator's duty to cause such representations to be made as he believed in good faith were for the best interests of the estate and its creditors collectively. In the absence of a proper showing of facts to the contrary it must be presumed that there were established at such hearings, to the satisfaction of the trial courts, sufficient facts to then warrant the entry of the various orders mentioned in the complaint, and if, as the result of these orders and proceedings and pursuant thereto, there were delays because of which loss or damage was ultimately sustained by plaintiff, neither the administrator nor his surety can be held liable therefor in this action.

The plaintiff also contends that in sustaining the demurrer to the complaint and entering judgment dismissing it upon the merits, the circuit court acquiesced in the administrator's failure and neglect to file an account after being cited to do so by the county court. No basis is afforded by the record for any such unwarranted assumption or contention. The matter of ordering compliance by the administrator in respect to filing his accounts was primarily and solely within the jurisdiction and under the directions of the county court, and there are

no facts alleged as to any failure or neglect to comply with any order of the court in that respect or that as the result thereof damage was sustained by plaintiff. The only allegations in respect to the filing of an account are that after February 4, 1939, the administrator was cited by the county court, on Robert M. Rasmussen's complaint, to file an account; and that, upon the administrator's objecting thereto and representing that he had kept proper account of all assets and in due time would file his account, and that he "was under $20,000 bond and that there is nothing to be alarmed about, if he has been neglectful in his management of this estate he can be surcharged at the proper time," the county court, instead of deciding upon the matter, suggested that plaintiff and the administrator come to some understanding in the matter of satisfying the judgment.

On the other hand, in support of the judgment under review, the defendants contend that no cause of action is stated because, among other matters, it is not alleged in the complaint that a judgment on claims has been entered, or that there was personal property in the estate sufficient to satisfy the claim, or that the administrator has funds from which payment could be made; or that an account has been filed by the administrator for allowance by the court; or that payment of the amount due plaintiff has been ordered to be made by the court. As none of those essential matters are alleged and it is alleged that the estate is insolvent, the defendants' contention must be sustained. The action which may be brought under sec. 321.02, Stats., on an administrator's bond, can be maintained by a creditor only when there are facts which bring the case within the provision of either par. (a) or (c) of sub. (1) or within sub. (2) of that statute, which read as follows:

"(a) By any creditor when the amount due him has been ascertained and ordered paid by such court, if the executor, administrator, guardian or trustee shall neglect to pay the same when demanded; . . .

"(c) By any creditor, heir, legatee or other person aggrieved by any maladministration, when it shall appear that the executor, administrator, guardian or trustee has failed to perform his duty in any other particular.

"(2) Whenever an executor, administrator, guardian or trustee shall refuse or neglect to perform any order or judgment for rendering an account, or upon a final settlement, or for the payment of debts, legacies or distributive shares, the judge of such court shall cause the bond of such executor, administrator, guardian or trustee to be prosecuted for the benefit of all concerned, and the money collected thereon shall be applied in satisfaction of such order or judgment in the same manner as such money ought to have been applied by such executor, administrator, guardian or trustee."

And in connection with the latter it must be noted that an action brought under sub. (2) is "to be prosecuted for the benefit of all concerned," etc., and not for the benefit of but an individual creditor. Likewise, the case at bar, obviously, is not within those provisions because it is not alleged that there has been entered any order or judgment made by the county court, under sec. 313.17, Stats., directing the payment by the administrator of the plaintiff's claim or the debts of the deceased in whole or in part out of assets in his hands for that purpose; or any final order or judgment upon the claims filed because of which the administrator could be required under sec. 313.13, Stats., to render, within sixty days after entry thereof, an account of his administration to the court and be directed by the court to proceed with the payment of claims allowed; or any order or judgment for the rendering of an account or upon a final settlement; or that there has been any refusal or neglect on the part of the administrator to perform any such order or judgment, or any maladministration or failure on his part to perform in any other particular his duty as administrator for the benefit of the estate or the creditors, heirs, or legatees thereof. Likewise, because it does not appear that there has been any order or judgment by the county

court for the payment of the debts in whole or in part, there can be no action maintained by plaintiff against the administrator under sec. 313.20, Stats., in so far as it provides that when such an order has been made an administrator shall be personally liable, after the time for payment shall arrive, to creditors for their debts or dividend thereon. Neither is there any allegation which can be deemed, by reason of the alleged delay in the sale of parcel 9, to state a cause of action for waste in favor of plaintiff, upon which there can be a recovery by her for her sole benefit under the provision in sec. 317.04, Stats., which reads:

"When an executor or administrator shall neglect or unreasonably delay to raise money by collecting the debts or selling the real or personal estate of the deceased or shall neglect to pay over the money he shall have in his hands, and the value of the estate shall thereby be lessened or unnecessary cost or interest shall accrue, or the persons interested shall suffer loss, the same shall be deemed waste; and the damages sustained may be charged against the executor or administrator in his account or he shall be liable therefor on his administration bond; . . ."

The remedy thus provided for waste caused by the administrator is that for the benefit of the estate the damages sustained may be charged against him in his account or he shall be liable therefor on his bond. As we said in *Will of Leonard,* 202 Wis. 117, 129, 130, 230 N. W. 715,—

"It would seem that the purpose of that statute is to subject an executor, at the time of his accounting, to charges for loss which is in the nature of waste to the estate. The chargeable items contemplated by the statute are such damages to the estate as resulted by reason of diminution in the value thereof, or because of interest or cost incurred in conserving the estate which but for the delay would have been unnecessary. If by reason of such items the persons interested shall suffer loss, then 'the same shall be deemed waste and such damages may be charged against the executor or administrator.' "

No recovery by but one of the creditors for his sole benefit of damages for waste so caused is authorized by any provision in secs. 317.04 and 321.02, Stats.

As the allegations are insufficient to state a cause of action against the administrator, they are likewise insufficient as against the surety on his bond.

*By the Court.*——Judgment affirmed.